**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

NO. 5:12-MC-00051-BO

| | | |
|---|---|---|
| TRACY WOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| WELLS FARGO BANK, NA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This cause comes before the Court upon Plaintiff's pro se "Motion for Leave of Court to File Attached Prejunction [sic] Filing and Notice of Removal and Consent of Removal" (DE-1), referred to the undersigned for entry of a memorandum and recommendation. For the reasons that follow, the undersigned recommends that Plaintiff's motion be denied and this action dismissed.

**Plaintiff's Motion for Leave to File**

Because of her numerous frivolous filings, Plaintiff is enjoined from filing in this Court any complaint without first obtaining leave to do so. Order, DE-1-1. As required by this Court, Plaintiff has attached to her motion a copy of the pre-filing injunction. By her motion, Plaintiff seeks to remove to this Court a criminal action for misdemeanor breaking or entering and first degree trespass brought against her in Wake County District Court. In addition, Plaintiff seeks to remove to this Court her "counter suit"[1] against the

_____

1. In response to the criminal charges against her, Plaintiff has filed a document in Wake County District Court entitled "Motion to Set Aside Magistrate Order for I Breaking or Entering (M), II First Degree Trespass, Answer, Counter Suit and Amending Plaintiffs to the Suit for False and

named defendants.

When a defendant in a state criminal case seeks to remove the prosecution to federal court, he must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455 (a). The United States district court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455 (b)(4).

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Federal law strictly limits the circumstances under which a litigant may remove a case from state court to federal court. See 28 U.S.C. §§ 1441-1453; see also Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). The burden of

---

Fraudulent Charges[,] False arrest, detention, and personal injury, slander, denial of my rights as a U.S. Citizen, and an illegal 2nd eviction out of my residence on Seaspray Lane made by American Home Mortgage Inc., Gloria Armstrong, Jefrey Bunda, Kenneth Bagwell, Wake County Sheriff, Police Officers AM Howard and JD Malzapah, and the Raleigh Police Department." Mot. 6, DE-1-3. In this document, Plaintiff complains about varying acts by the named defendants she contends unfairly resulted in the criminal charges against her. Applying liberal construction, the undersigned will construe this document by Plaintiff as a civil complaint against the named defendants.

2

establishing federal jurisdiction rests with the party seeking removal. Mulcahey, 29 F.3d at 151.

Here, Plaintiff has not carried her burden of establishing federal jurisdiction. Of the federal removal statutes, only three--28 U.S.C. §§ 1442, 1442a, and 1443--provide for removal of state criminal cases. *See* 28 U.S.C. §§ 1441-1453. *Accord* Bald Head Ass'n v. Curnin, No. 7:09-CV-173-F, 2010 U.S. Dist. LEXIS 45737, at *8-18 (E.D.N.C. May 10, 2010). Plaintiff has not satisfied the conditions of these three statutes because the instant notice of removal and its attachments lack allegations that Plaintiff acted as or assisted a federal official (§ 1442), is a member of the armed forces (§ 1442a), or faces denial of racial equality (§ 1443). *See* Crawford v. Maryland, No. 92-2190, 4 F.3d 984 (table), full text available at 1993 U.S. App. LEXIS 24711, at *1 (4th Cir. Sept. 24, 1993) (unpublished) ("[W]e find that the petition for removal [under 28 U.S.C. § 1443(1)] was without substantive merit because it contemplated broad contentions under generally applicable constitutional rights, rather than 'any law providing for specific civil rights stated in terms of racial equality'" (quoting Georgia v. Rachel, 384 U.S. 780, 792, (1966))); Florida v. Simanonok, 850 F.2d 1429, 1430 n.1 (11th Cir. 1988) ("Clearly, the party seeking removal [under 28 U.S.C. § 1442a] must also be a member of the armed forces"); North Carolina v. Carr, 386 F.2d 129, 131 (4th Cir. 1967) (observing that "purpose of [28 U.S.C. § 1442] is to take from the State courts the indefeasible power to hold an officer or agent of the United States criminally or civilly liable for an act allegedly performed in the execution of any of the powers or responsibilities of the Federal sovereign"). Indeed,

Plaintiff's motion fails to set forth any specific grounds for removal. As such, her motion for leave to file notice of removal of her state criminal prosecution to this Court should be denied.

To the extent that Plaintiff's motion may be liberally construed as an attempt to remove or file a civil case against the named defendants, her motion likewise lacks merit. Under 28 U.S.C. § 1441, actions originally filed in state courts may be removed to federal courts in "any civil action . . . of which the district courts of the United States have original jurisdiction." Federal courts have original jurisdiction over civil actions in which the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Here, there is no allegation of diversity of citizenship. According to Plaintiff's certificate of service, the named defendants are residents of North Carolina, as is Plaintiff.

Without diversity, the propriety of removing or filing the instant case depends on whether the provisions of 28 U.S.C § 1331 apply: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "In determining whether an action presents a federal question under § 1331, a court must first discern whether federal or state law creates the cause of action." Mulcahey, 29 F.3d at 151. If state law creates the cause of action, federal jurisdiction is only appropriate if the dispute "'necessarily depends on resolution of a *substantial* question of federal law.'" *Id.* (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 28 (1983)).

4

In the instant case, Plaintiff fails to show that any of her claims depend on resolution of a substantial question of federal law. To the contrary, Plaintiff's claims arise under state tort law. Because this case presents no diversity of citizenship and no question of federal law, jurisdiction is lacking and Plaintiff cannot remove or file her civil case in federal court. Accordingly, the motion for leave to file should be denied and this action dismissed.

### Conclusion

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion for leave to file (DE-1) be DENIED and this action DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, September 7, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE